**STATE OF ILLINOIS et al., Plaintiffs,**

**v.**

**ASSOCIATED MILK PRODUCERS, INC., et al., Defendant.**

**No. 72 C 661.**

United States District Court, N. D. Illinois, E. D.

Nov. 9, 1972.

William J. Scott, Atty. Gen., for State of Illinois, Chicago, Ill., for plaintiff.

Pope, Ballard, Shepard & Fowle, Henry F. Field, Erwin C. Heininger, Rich-ard K. Decker, Joseph E. Coughlin, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on defendants' motion to dismiss the complaint.

This is an Antitrust action instituted under Sections 1 and 2 of the Sherman Act (15 U.S.C. §§ 1 & 2) and Section 16 of the Clayton Act (15 U.S.C. § 26). The plaintiff is the State of Illinois, its departments, divisions, agencies, counties, municipalities, townships, and political subdivisions organized under the authority of the State, which have in the past and will continue in the future in the course of their operations, either for themselves, the public institutions and agencies, or otherwise, to purchase or otherwise pay for "Fluid Milk Product"[1] and other processed milk products within the area of the relevant market.[2]

The plaintiff State, by its Attorney General, also brings this suit as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The plaintiff's claim is allegedly typical of those to be asserted for the class, consisting of all counties, municipalities, townships, and political subdivisions including the various school districts and other institutions within the state supported by public funds, which have in the past and will continue in the future to purchase and pay for Fluid Milk Product and other processed milk products, within the area of the relevant market (Chicago Regional Marketing Area).

The corporate defendants are Associated Milk Producers, Inc., Central Milk

---

1. "Fluid Milk Product" as defined by the plaintiff means "all milk and milk products sold or disposed of by dealers in fluid form and includes milk, skim milk, buttermilk, flavored milk, flavored milk drinks, sweet cream and any mixture in fluid form of such products." ¶ 12b of Plaintiff's Complaint.

2. The area of the relevant market is defined by the plaintiff as follows: "*Chi-cago Regional Marketing Area* means the area defined as such in Order No. 30 and within the State of Illinois, includes the counties of: Boone, Carroll, Cook, DeKalb, DuPage, Jo Daviess, Kane, Kendall, Lake, Lee, McHenry, Ogle, Stephenson, Will, Winnebago, and, in Whiteside County, the townships of: Caloma, Hanhaman, Hopkins, Hume, Jordan, Montmorency, Sterling, and Tampico." ¶ 12k of Plaintiff's Complaint.

**438**

Sales Agency, and Associated Reserve Standby Pool—all agricultural cooperatives. The individual defendants are officers or employees of such cooperatives. Defendant Associated Milk Dealers, Inc., is an association of the milk handlers in the Chicago area who have purchased milk from the cooperatives.

The Complaint in essence charges that, by reason of the marketing programs of the cooperatives, the sale of milk in the Chicago Federal milk marketing area has been monopolized. Plaintiff requests only injunctive relief, including the dissolution of the agricultural cooperative defendants.

The defendants in support of their motion to dismiss the Complaint contend:

1. The statutory grant of authority to the Illinois Attorney General makes it clear that he has no authority to maintain this antitrust injunction suit in Federal Court.

2. The 1969 Amendments to the Illinois Antitrust Act were intended to limit the authority of the Illinois Attorney General, preventing him from maintaining injunctive actions in Federal Court.

3. The State is not the proper representative in Antitrust actions of the political subdivisions organized under the authority of the State.

This Court is not persuaded by the defendants' arguments and is of the opinion that the State of Illinois, as represented by its Attorney General is authorized to maintain in Federal Court this Antitrust suit seeking injunctive relief.

### I. The State of Illinois May Maintain This Federal Antitrust Action

Since a threat of injury to the State in its proprietary capacity as a result of Antitrust violations by the defendants is alleged, the State of Illinois is the real party in interest.[3] It is well settled that a State may maintain an action in Federal Court for injunctive relief to remedy an Antitrust violation which is injurious to the State's proprietary interest. Georgia v. Pennsylvania R. Co., 324 U.S. 439, 65 S.Ct. 716, 89 L. Ed. 1051 (1945). The Supreme Court of the United States has recently approved class action suits brought by a State as the real party in interest (as Illinois has brought the instant action) as definitely preferable in the Antitrust area to *parens patriae* actions. Hawaii v. Standard Oil Company of California, 405 U.S. 251, 266, 92 S.Ct. 885, 31 L. Ed.2d 184 (1972). The State of Illinois acting in both its proprietary capacity and as the named representative of a class has properly brought this Antitrust action in Federal Court.

### II. The Attorney General has Authority to Maintain this Suit in Federal Court

At common law, the Attorney General was the only law officer of the Crown and its chief representative in the courts

---

3. Unlike many other State Antitrust actions, this action is brought not by the State as *parens patriae*, but rather by the State as the real party in interest. The defendants' arguments as to the authority of the State and its Attorney General to bring this action would be more cogent in a *parens patriae* type case. See, *e. g.*, New York v. Louisiana, and New Hampshire v. Louisiana, 108 U.S. 76, 2 S.Ct. 176, 27 L.Ed. 656 (1883) (consolidated cases); Kansas v. United States, 204 U.S. 331, 27 S.Ct. 388, 51 L.Ed. 510 (1907); Oklahoma v. Atchison, Topeka & Santa Fe Railway, 220 U.S. 277, 31 S.Ct. 434, 55 L.Ed. 465 (1911); Louisiana v. Texas, 176 U.S. 1, 20 S.Ct. 251, 44 L.Ed. 347 (1899). It is well settled that the authority of a State and its Attorney General to bring an Antitrust action as the real party in interest should not be subject to the suspicious scrutiny which some overreaching *parens patriae* actions brought by States as governmental Robin Hoods might well deserve. Malina & Blechman, Parens Patriae Suits for Treble Damages Under the Antitrust Act, 65 Nw.U.L.Rev. 193 (1970).

(4 Reeves Hist.Eng., chap. 25, p. 122).[4] The Constitution of the State of Illinois provides that the Attorney General shall be the legal officer of the State, and shall have such duties and powers as may be prescribed by law. Art. 5, § 1 of the 1870 Illinois Constitution; Art. 5, § 15 of the 1971 Illinois Constitution, S. H.A.

The Illinois Supreme Court has held that under the 1870 Constitution (on which the 1971 section was based), the Attorney General of Illinois had all the historic common law powers of the English Attorney General and that these duties could not be restricted or eliminated by statute. Department of Mental Health v. Coty, 38 Ill.2d 602, 232 N.E.2d 686 (1967); Fergus v. Russel, 270 Ill. 304, 110 N.E. 130 (1915). See also the Constitutional Commentary S.H.A.Const. Art. 5, § 15 (1971) at p. 358. Since, as was noted above, the remedy sought is readily available to the Plaintiff State, its sole legal representative, the Attorney General, must be authorized to represent the State in this Federal Antitrust case. In fact, one of the very cases cited by defendants in support of their motion, State of Illinois v. Brunswick Corporation, 32 F.R.D. 453 (N.D. Ill.1963) is evidence of the fact that the State of Illinois has always been able to seek relief in similar Federal Antitrust cases through its Attorney General.[5]

The 1969 amendments to the Antitrust Act do not preclude an action by the State, through its Attorney General, for injunctive relief in Federal Court. Section 60–7(2) of Chapter 38 Ill.Stats. Ann. (1970) provides in relevant part: " . . . . The Attorney General may bring an action on behalf of this State, counties, municipalities, townships and other political subdivisions organized under the authority of this State to recover the damages provided for by this subsection, or by any other comparable provision of Federal law."

Similarly, Chapter 38 § 60–7.8 (on which the Attorney General predicates his authority in the Complaint) provides:

"The Attorney General may bring an action on behalf of this State, counties, municipalities, townships and other political subdivisions organized under the authority of this State in Federal Court to recover damages provided for under any comparable provision of Federal law . . . ."

Contrary to the defendants' assertion of *expressio unius est exclusio alterius*, the word damages means not only money damages but also equitable damages.[6] The Commentary to the Amended Statute clarifies that the Attorney General may maintain a Federal Antitrust action for injunctive relief on behalf of the State, counties, municipalities, townships and other political subdivisions organized under the authority of the State of Illinois.

The Commentary states:

"Sections 6 and 7 provide the remedial machinery for enforcement of the act. Primary responsibility for instigating criminal prosecutions is lodged in the Attorney General of Illinois. By amendment in 1969, the Attorney is empowered to seek civil penalties (subsection 7(4)) as well as criminal penalties and broad equitable relief."

---

4. See also: Rex v. Austen, 9 Price 12; Attorney General v. Brow, 1 Swanst. 294; Rex v. Wilkes, 4 Burr 2570; Wilkes v. Rex, 4 Brown's P.C. 360.

5. The authority of the Attorney General to file such a suit in Federal Court on behalf of the State of Illinois, *qua* proprietor or state institution, was never questioned in the *Brunswick* case.

6. Defendants erroneously contend that an Antitrust action by the Attorney General for the State of Illinois seeking injunctive relief may only be filed in the Circuit Courts of Illinois. See Georgia v. Pennsylvania R. Co., *supra*, and Illinois v. Brunswick, *supra*.

**440**

38 Ill.Stat.Ann. Commentary to the Illinois Antitrust Act, (1970) p. 836.

 Thus the 1969 Amendments clearly support the maintenance of the present Federal Antitrust action for injunctive relief by the Attorney General.[7] Further, it is doubtful that the Legislature of the State of Illinois could have stripped the Attorney General of any of his common law rights and obligations as chief legal representative of the State. Department of Mental Health v. Coty, *supra*, People v. Finnegan, 378 Ill. 387, 38 N.E.2d 715 (1941); Fergus v. Russel, *supra*. See generally, Hawaii v. Standard Oil Company of California, *supra*.

 It is also clear from the above cited amendments to the Illinois Antitrust Statute and recent case law that the State through its Attorney General is the proper and best representative of the political subdivision organized under the authority of the State. In re Ampicillin Antitrust Litigation, 1972 Trade Cases, ¶ 73,966; State of Illinois v. Harper & Row Publishers, Inc., 301 F.Supp. 484 (N.D.Ill.1969); State of Illinois v. Brunswick, *supra*. Justice and judicial economy is best served by having the largest governmental unit sue on behalf of all its parts rather than having multiple suits brought by various political subdivisions within the State.

Thus the State represented by its Attorney General may maintain this Federal Antitrust action for injunctive relief in Federal Court.

Accordingly, it is hereby ordered that the Defendants' Motion to Dismiss the Complaint is denied.

7. The defendants have raised the issue that possible multiple litigation may be harmful to them. The United States government, the governments of each state, and any individual threatened with injury by an antitrust violation may sue for injunctive relief to prevent violations of antitrust law. Theoretically they may do so simultaneously against the same

person for the same violation. However, in this case one injunction will be as effective as 100 or 100 injunctions will be no more effective than one. This is in striking contrast to the potential harm which can be done by numerous suits for damages. Hawaii v. Standard Oil, *supra*.